# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6686 | **DATE** | 10/7/2011 |
| **CASE TITLE** | Derrick Echols, Jr. (R51263) vs. Drs. Jeff Craig and Jacqueline Mitchell | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.29 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The Marshals Service is appointed to effectuate service on defendants. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Pro se plaintiff Derrick Echols, Jr, a prisoner at the Stateville Correctional Center, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are his motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint (Dkt. No. 1), for an initial review pursuant to 28 U.S.C. § 1915A, and motion for appointment of counsel. (Dkt. No. 4).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.29. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Turning to an initial review of the complaint, (Dkt. No. 1), plaintiff alleges that defendant dentists Drs. Jeff Craig and Jacqueline Mitchell botched a tooth extraction and failed to properly follow up on his initial complaints at Stateville. Plaintiff believes that a drill fragment was improperly lodged in his gums following the extraction causing significant pain. He initially complained to Craig and Mitchell but to no avail before getting subsequent follow up treatment from them. Plaintiff sues Craig and Mitchell in their individual and official capacity.

# STATEMENT

Liberally construing plaintiff's pro se complaint as required, *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam), the Court concludes that plaintiff has set forth a claim against Craig and Mitchell in their individual capacity. Plaintiff has alleged a deliberate indifferent claim as to his dental needs. *Arnett v. Webster*, __ F.3d __, No. 09-3280, 2011 WL 4014343, at *10 (7th Cir. Sept. 10, 2011) (explaining that a doctor may be held to be deliberately indifferent when he fails to exercise professional medical judgment); *McGowan v. Hulick*, 612 F.3d 636, 640, 642 (7th Cir. 2010) (recognizing a deliberate indifference claim for unnecessary delay in providing dental treatment); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Dental care is one of the most important needs of inmates.").

However, plaintiff's claims against Craig and Mitchell in their official capacity must be dismissed. A claim against an individual in his official capacity is, in actuality, a claim against his employer, here Wexford Health Sources. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Wexford provides health care to Illinois inmates pursuant to a contract with the state. A suit against Wexford and is evaluated under the standard of *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658 (1978). *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). (Wexford qualifies as a state actor for Section 1983 purposes because it is performing a governmental function that was delegated to it by the IDOC, *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996), but it is not considered an arm of the State of Illinois for sovereign immunity purposes because it is a separate entity from the State and would be required to pay any judgments on its own. *Burrs v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008)).

To establish a *Monell* claim against Wexford, plaintiff must allege that his injuries were caused by Wexford's custom, policy or practice. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)). "To establish an official policy or custom, plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of [Wexford], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff has failed to establish a plausible *Monell* claim under the widespread practice or custom ground. (The express policy or decision by a person with final policy making authority are not relevant in this case). Plaintiff has failed to suggests that his alleged mistreatment is part of a "general pattern of repeated behavior" by Wexford, but can only be classified as "mere isolated event" at this time. *Davis v. Carter*, 452 F.3d 686, 694 (7th Cir. 2006).

The Clerk shall issue summonses for defendants and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

## STATEMENT

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent Plaintiff, this Court considers whether: (1) Plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether Plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruett*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008) (citing *Pruitt*, 503 F.3d at 655).

Plaintiff has failed to make any attempts to secure counsel on his own and so his motion must be denied. He should contact law firms or other legal services organizations and request that they take his case. He may renew his motion if he is unsuccessful in obtaining his own counsel. Any renewed motion for appointment of counsel should detail Plaintiff's efforts at obtaining counsel such as including the letters he receives from law firms and legal organizations responding to his requests for representation.

In summary, plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.29 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The clerk is directed to issue summonses for service on the defendant by the U.S. Marshal. The Marshals Service is appointed to effectuate service on defendants. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.