# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6686 | **DATE** | 7/10/2012 |
| **CASE TITLE** | Echols v. Craig and Mitchell | | |

**DOCKET ENTRY TEXT:**

The Court grants defendant Mitchell's motion [18] to dismiss. Plaintiff's claim against Dr. Jacqueline Mitchell is dismissed without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

      Plaintiff Derrick Echols, Jr. ("Echols"), a prisoner at Stateville Correctional Center ("Stateville"), filed suit against two dentists who treated him at Stateville. Echols seeks relief pursuant to 42 U.S.C. § 1983 for violation of his constitutional right to be free from cruel and unusual punishment. Specifically, Echols believes defendants were deliberately indifferent to his serious medical condition.

      According to the allegations in Echols' complaint, Echols had a wisdom tooth extracted by Dr. Jeff Craig ("Dr. Craig") on July 14, 2009. On July 23, 2009, Echols returned to the dental clinic, and Dr. Jacqueline Mitchell ("Dr. Mitchell") removed Echols' sutures. Echols informed Dr. Mitchell that he had started experiencing pain at the extraction site on July 20. Echols also told Dr. Mitchell that he had a "funny metallic" taste in his mouth, that he had discharge from his extraction site and that he had a "small knot" on his gums. Dr. Mitchell told Echols that he would feel some discomfort until the wound healed.

      On July 27, 2009, while Echols was rinsing his mouth, he felt something come out of his mouth. Echols discovered gauze and a small tip of a metal drill bit. The next day, Echols turned in his discoveries and was sent to the dental clinic. Dr. Mitchell took an X-ray and informed Echols that she would need to reopen the extraction site to clean it out. Dr. Mitchell did so.

      Echols alleges that Dr. Craig was deliberately indifferent to his medical needs when he left behind gauze and part of a drill bit after he extracted Echols' wisdom tooth. Echols alleges that Dr. Mitchell was deliberately indifferent to his medical needs by failing to take an X-ray on July 23, 2009, when Echols complained to her about his pain. Dr. Mitchell moves to dismiss for failure to state a claim.

      A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S.

41, 47 (1957)). "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950 (2009). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). In considering a motion to dismiss, the Court takes as true the factual allegations, though not the legal conclusions, in plaintiff's complaint and his attachments thereto. *Iqbal*, 556 U.S. at 679.

To violate the Eighth Amendment prohibition against cruel and unusual punishments, a prison official must have acted with deliberate indifference. To establish his claim against each individual defendant, Echols must show: "(1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The Supreme Court defined deliberate indifference in *Farmer v. Brennan*, where it said:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837. Neither negligence nor malpractice constitutes a violation of the constitution. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("Evidence that the official acted negligently is insufficient to prove deliberate indifference."); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.").

Plaintiff alleges that Dr. Mitchell was deliberately indifferent to his serious medical condition on July 23, 2009, when Dr. Mitchell removed the sutures from his wisdom tooth extraction. (He does not argue that Dr. Mitchell was deliberately indifferent on July 28, 2009.) At the pre-scheduled appointment on July 23, Echols told Dr. Mitchell that, three days earlier, he had started experiencing pain at the extraction site. Echols also told Dr. Mitchell that he had a metallic taste in his mouth and that he was experiencing leakage at the extraction site. Dr. Mitchell told Echols that he would continue to feel discomfort until the wound healed. Echols alleges that what Dr. Mitchell should have done was take an X-ray, as that would have indicated that Dr. Craig had left behind gauze and part of a drill bit at the extraction site.

Echols does not state a claim against Dr. Mitchell. His allegations are as consistent with lawful as unlawful conduct, which means his claim is not plausible. It is as likely that Dr. Mitchell thought Echols' symptoms were part of the normal healing process as it is that Dr. Mitchell was deliberately indifferent to Echols' problem. Echols thinks Dr. Mitchell should have taken an X-ray on July 23, 2009. At best, Echols alleges malpractice, which is not unconstitutional. As the Supreme Court has explained:

> [T]he question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort

Claims Act.

*Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

Echols has failed to state a claim against Dr. Mitchell.  Her motion to dismiss is granted, and Echols' claim against Dr. Mitchell is dismissed without prejudice.