**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK ECHOLS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 6686 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| DR. FREDERICK A. CRAIG, DDS | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

After problems resulting from the extraction of one of his wisdom teeth, plaintiff Derrick

Echols, Jr. ("Echols") filed a suit seeking relief under § 1983. In his amended complaint, Echols

alleges that defendant Dr. Frederick A. Craig, DDS ("Dr. Craig") was deliberately indifferent to

his medical needs in violation of his constitutional right to be free from cruel and unusual

punishments. Dr. Craig has filed a motion to dismiss. For the reasons set forth below, the Court

grants the motion to dismiss.

**I.     <u>Background</u>**

The Court takes as true the factual allegations set out in Echols's amended complaint.

Plaintiff Echols is an inmate at Stateville Correctional Center ("Stateville") in Joliet,

Illinois and has been since September 2002. Defendant Dr. Craig is a dental surgeon employed

by Wexford Health Sources, Inc., which provides medical and dental services to inmates at

Stateville.

On July 14, 2009, at Stateville's Health Care Unit, Dr. Craig extracted Echols's wisdom

tooth. Once the anesthesia wore off, Echols began experiencing abnormal pain. When he

returned to have his sutures removed on July 23, 2009, another dentist, Jacqueline Mitchell ("Dr. Mitchell") removed the stitches. Echols complained to Dr. Mitchell that he was experiencing intense pain, a discharge of puss and blood and a metallic taste near the extraction site. Dr. Mitchell told Echols these symptoms were common and would go away. Echols continued to experience pain and tried (but was not allowed) to return to the Health Care Unit.

Four days later, on July 27, 2009, Echols rinsed his mouth with salt water. As he did so, two objects came out from under his gums and into his mouth. The two objects were gauze and a half-inch metal drill bit. The next day, Echols returned to the Health Unit, where a physician took an x-ray of Echols's mouth and learned that a portion of the root of Echols's wisdom tooth still remained at the extraction site. A physician reopened the wound and removed both the remaining root and more gauze. After that, Echols healed normally.

Echols alleges that Dr. Craig was deliberately indifferent to his medical needs when, during the oral surgery to remove Echols's wisdom tooth, he left a portion of the tooth root, part of a drill bit and gauze at the extraction site. Echols alleges that, "[b]y failing to remove multiple foreign objects from the tooth extraction site, [Dr. Craig] ignored an obvious risk to Mr. Echols' health and caused Mr. Echols over two weeks of extreme and unnecessary pain."

**II.**     **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of

Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). To survive a motion to dismiss, a claim must be plausible. *Iqbal*, 129 S.Ct. at 1950. Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974.

## III.   Discussion

To violate the Eighth Amendment prohibition against cruel and unusual punishments, a prison official must have acted with deliberate indifference. Thus, to establish his claim against Dr. Craig, Echols must show:  "(1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The Supreme Court defined deliberate indifference in *Farmer v. Brennan*, where it said:

> a prison official cannot be found liable under the Eighth Amendment for denying
> an inmate humane conditions of confinement unless the official knows of and
> disregards an excessive risk to inmate health or safety; the official must both be

> aware of facts from which the inference could be drawn that a substantial risk of
> serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837.  Neither negligence nor malpractice constitutes a violation

of the constitution.  *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("Evidence that the

official acted negligently is insufficient to prove deliberate indifference."); *Duckworth v. Ahmad*,

532 F.3d 675, 679 (7th Cir. 2008) ("Deliberate indifference is not medical malpractice; the

Eighth Amendment does not codify common law torts.").

Defendant argues that Echols has alleged negligence, perhaps, but not deliberate

indifference.  The Court agrees.  This case is similar to  *McGowan v. Hulick*, 612 F.3d 636 (7th

Cir. 2010), in which the plaintiff alleged that during a molar extraction, his tooth fragmented and

the dentist used strange instruments to remove the splinters.  The plaintiff also alleged that after

the extraction, he suffered severe complications, including a golf-ball size mass of tissue that

broke through his stitches and an infection that resulted in a perforated sinus.  *Id.* at 638.  The

Seventh Circuit held that the plaintiff had failed to state a claim against the dentist who extracted

the tooth.  *Id.* at 641.  The Seventh Circuit explained:

> [Plaintiff] also asserts that [the dentist] botched the extraction, but his allegations
> describe only negligence, perhaps gross negligence, without suggesting that [the
> dentist] maliciously intended to cause [plaintiff] pain or otherwise performed the
> procedure in a way that he knew would create a substantial risk of complications.

*McGowan*, 612 F.3d at 641.  Just so here.  Plaintiff does not allege that Dr. Craig intended to

cause Echols pain or that Dr. Craig knew he was leaving behind gauze and part of a drill bit.

Plaintiff argues that his allegations amount to deliberate indifference, rather than just

negligence.  Plaintiff relies on a line of cases that say deliberate indifference may be inferred "on

the basis of a physician's treatment *decision*" where "the *decision* [is] so far afield of accepted

-4-

professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (emphasis added). This does not help plaintiff, though, because the focus in these cases is on a medical *decision*, implicit in which is knowledge. If a plaintiff alleges that a doctor knows of a medical problem and makes a treatment decision far afield of the standard treatment, then, yes, that plaintiff has stated a claim. *See Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996) ("If the symptoms plainly called for a particular medical treatment--the leg is broken, so it must be set; the person is not breathing, so CPR must be administered--a doctor's deliberate decision not to furnish the treatment might be actionable under § 1983."). Here, though, plaintiff has not alleged that Dr. Craig knew there was gauze and a drill bit at the extraction site and then, contrary to standard practice, decided to sew up the site without removing them.

The Court agrees with defendant that plaintiff has not stated a claim under § 1983 for violation of his constitutional right to be free from cruel and unusual punishments. Accordingly, plaintiff's complaint is dismissed.

**IV.**    <u>**Conclusion**</u>

For the reasons set forth above, the Court grants defendant's motion to dismiss plaintiff's complaint.  Plaintiff is granted 28 days in which to file an amended complaint, should he so choose.

ENTER:

George M. Marovich
United States District Judge

DATED:  October 22, 2013